```
                            F I L E D
                    CLERK, U.S. DISTRICT COURT
                          01/10/2024
                   CENTRAL DISTRICT OF CALIFORNIA
                   BY: _____DVE_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ELMER GOMEZ VASQUEZ,<br>　aka "Elmer Gomez,"<br>　aka "Elmer Gumercindo Gomez Vasquez,"<br><br>　　　　　Defendant. | No. 8:24-cr-00003-FWS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 2422(b): Attempted Enticement of a Minor to Engage in Criminal Sexual Activity; 18 U.S.C. § 2428: Criminal Forfeiture] |

　　The Grand Jury charges:

[18 U.S.C. § 2422(b)]

　　Beginning on or about July 11, 2023, and continuing to at least on or about July 20, 2023, in Orange County, within the Central District of California, defendant ELMER GOMEZ VASQUEZ, also known as ("aka") "Elmer Gomez," aka "Elmer Gumercindo Gomez Vasquez," used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly attempt to persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years to

engage in sexual activity for which a person can be charged with a criminal offense, namely, Unlawful Sexual Intercourse with a Minor, in violation of California Penal Code Section 261.5(c), and Lewd or Lascivious Acts with a Minor, in violation of California Penal Code Section 288(a).

FORFEITURE ALLEGATION

[18 U.S.C. § 2428]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428, in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

    (a) All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense;

    (b) All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from such offense; and

    (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2428(b)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with

other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                        /s/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

BRADLEY E. MARRETT
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

MELISSA S. RABBANI
Assistant United States Attorney
Santa Ana Branch Office